1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SAMUEL ST. JAMES,                                CASE NO. 10cv1893-IEG(POR)

12                              Plaintiff,

           vs.                                        Order Denying Plaintiff's Motion for
13                                                     Temporary Restraining Order
     JP MORGAN CHASE BANK
14   CORPORATION, dba CHASE HOME
     FINANCE DIVISION, dba CALIFORNIA
15   RECONVEYANCE COMPANY,

16                              Defendant.

17        Plaintiff Samuel St. James, proceeding *pro se*, has filed a complaint alleging breach of

18   mortgage contract, bad faith breach of contract, fraud, misrepresentation, and breach of fiduciary

19   duty.  Plaintiff invokes this Court's jurisdiction under the Real Estate Settlement Procedures Act

20   ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601

21   *et seq.*[1]  Plaintiff moves the Court for an order staying foreclosure of his home, indicating

22   Defendant JP Morgan Chase Bank Corporation has set the sale for September 22, 2010. For the

23   reasons explained herein, the Court DENIES Plaintiff's motion.

24                                     *Background*

25        Plaintiff's complaint arises from a mortgage loan contract entered into by Plaintiff on

26   April 7, 2005 with regard to the real property located at 6923 Worchester Place, San Diego, CA

27   _____

28        [1]It appears the Court has subject matter jurisdiction only based upon these statutes, and not
     based upon diversity of citizenship.  According to the California Secretary of State database,
     Defendant California Reconveyance Company is a California corporation.

1   92126.  [Complaint, ¶ 7.]  Prior to that mortgage contract, Plaintiff refinanced the property two or

2   three times from approximately July 2001 through April 2005.  [Id.]  In these refinance

3   transactions, the lenders utilized the Mortgage Electronic Registration System, Inc. ("MERS").

4   Based upon the involvement of MERS, Plaintiff alleges there exists a cloud on title.  [Complaint,

5   ¶¶ 8-9.]  Plaintiff alleges Defendants were aware of the cloud on title resulting from MERS'

6   involvement in the refinance transactions prior to April 7, 2005.  [Id.]

7        On September 17, 2009, through attorney John Bakhit, Plaintiff entered into a "Making

8   Home Affordable" ("MHA") loan modification with Defendant.  [Complaint, ¶ 10.]  Plaintiff was

9   unaware of the cloud on title when he entered into the MHA program, and would not have entered

10   into the agreement and made monthly payments under that agreement had he known of the cloud

11   on title.  [Complaint, ¶ 11.]

12        Based upon the foregoing facts, Plaintiff alleges Defendants breached their real estate

13   mortgage contract because the contract restricted the downward adjustment of his rate of interest

14   in violation of Cal. Civ. Code § 1916.7.[2]  [Complaint, ¶¶ 14-15.]  Plaintiff further alleges bad faith

15   breach of the mortgage contract, arguing he received only one copy of the "right of rescission"

16   notice required by 12 C.F.R. § 226.23.  [Complaint, ¶¶ 17-19.]  Plaintiff alleges fraud and requests

17   the imposition of a constructive trust, arguing Defendants were aware of the involvement of

18   MERS in the earlier refinance transactions and did not inform him of the cloud on his title.

19   [Complaint, ¶ 21.]  Plaintiff alleges misrepresentation, arguing under TILA and RESPA that the

20   finance charges used calculate the loan amount is $1,140.68 greater than the charges set forth in

21   the estimated settlement statement. [Complaint, ¶¶ 23-24.]  Finally, Plaintiff alleges constructive

22   fraud and breach of fiduciary duty arising out of the negotiations between himself and JP Morgan

23   Chase Bank beginning on September 17, 2009, related to his efforts to obtain a loan modification

24   under the MHA program.  [Complaint, ¶¶ 26-33.]

25                                        ***Discussion***

26        Under Rule 65(b) of Federal Rules of Civil Procedure, the Court may issue a temporary

27

28        [2]Plaintiff does not allege there was any instance during the loan period when the interest
rate decreased such that the contract provision impacted his payments.

1  restraining order ("TRO") if "specific facts in an affidavit or a verified complaint clearly show that

2  immediate and irreparable injury, loss, or damage will result to the movant before the adverse

3  party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made

4  to give notice and the reasons why it should not be required."  The purpose of the TRO is

5  "preserving the status quo and preventing irreparable harm just so long as necessary to hold a

6  hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local No. 70,

7  415 U.S. 423, 439 (1974) (citations omitted). In order to obtain a TRO or a preliminary injunction,

8  the plaintiff must show that he is "likely to prevail on the merits." Ashcroft v. Am. Civil Liberties

9  Union, 542 U.S. 656, 666 (2004).

10       Upon review, the Court concludes Plaintiff has not demonstrated a likelihood of success on

11  the merits sufficient to justify a TRO.  As described above, the majority of Plaintiff's claims are

12  state law breach of contract, misrepresentation, fraud, and breach of fiduciary duty claims.

13  Plaintiff states no separate cause of action for violation of TILA or RESPA. Instead, Plaintiff's

14  Second Cause of Action for bad faith breach of contract includes citations to the Federal

15  Regulations requiring lenders to give notice of a right of rescission.  Plaintiff also cites both TILA

16  and RESPA under his Fourth Cause of Action for misrepresentation.  Unfortunately, any claims

17  Plaintiff may have had under these two statutes with regard to the April 7, 2005 mortgage contract

18  are now time barred.

19       TILA provides that the consumer has an unconditional right to change his mind and cancel

20  the transaction for any reason, or for no reason at all, provided it is done within a three-day period.

21  See 15 U.S.C. § 1635(a). Moreover, where the creditor fails to provide the consumer with proper

22  notice concerning his right of rescission, the consumer's right to rescind is extended to three years.

23  See id. § 1635(f); 12 C.F.R. § 226.23(a)(3).  Under RESPA, any claim under 12 U.S.C. §§ 2607 or

24  2608 must be brought within one year and any claim under § 2605 must be brought within three

25  years of the "date of the occurrence of the violation."  12 U.S.C. § 2614; Lewis v. Diamond

26  Essentials, Inc., 2010 WL 3070365 (S.D. Cal. 2010).  Here, the mortgage transaction occurred

27  more than five years ago, far beyond the time periods set forth in 15 U.S.C. § 1635(f) and 12

28  U.S.C. § 2614.  Furthermore, to the extent Plaintiff relies upon the alleged misstatement of

1  estimated costs in his Fourth Cause of Action for misrepresentation, the remedy for a violation of

2  RESPA is monetary damages and costs, not injunctive relief.  Gray v. Central Mortg. Co., 2010

3  WL 1526451 (N.D. Cal. 2010) (citing 12 U.S.C. § 2605, which provides for the payment of actual

4  damages, costs, and attorneys fees for plaintiffs alleging a violation of that section).

5          Even assuming Plaintiff's complaint adequately sets forth claims against Defendants based

6  upon the failure to consummate the restructuring of his loan under the MHA[3] program, Plaintiff

7  has not demonstrated he is entitled to injunctive relief on those claims. Plaintiff has not alleged

8  facts in his complaint demonstrating Defendants owed him a fiduciary duty or that Defendants

9  were required to modify the loan.  See Domnie v. Saxon Mortg., 2010 WL 2991250 (N.D. Cal.

10  2010) (dismissing plaintiff's complaint, finding plaintiff failed to state a claim based upon the

11  defendant borrower's failure to modify a loan under the Making Home Affordable Program);

12  Simmons, 2010 WL 2636220 at *5 (finding that borrowers who entered into an agreement with

13  their lender under the Making Home Affordable Plan "cannot reasonably rely on a manifested

14  intent to confer rights upon them since the Agreement does not require that [the lender] modify all

15  eligible loans.")

16                                      ***Conclusion***

17          For the reasons explained herein, the Court concludes Plaintiff has failed to demonstrate a

18  likelihood of success on the merits warranting the issuance of a temporary restraining order.

19  Plaintiff's motion is DENIED.

20          IT IS SO ORDERED.

21

22  **DATED:  September 15, 2010**

23                                      _____
                                        **IRMA E. GONZALEZ, Chief Judge**
                                        **United States District Court**

24

25

26

27          [3]Congress passed the Emergency Economic Stabilization Act in October of 2008, which
        included the Making Home Affordable Plan.  The Making Home Affordable Plan consists of two
28  parts, the Home Affordable Refinance Program and the Home Affordable Modification Program.
        Simmons v. Countrywide Home Loans, Inc., 2010 WL 2636220 (S.D. Cal. 2010).