1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  SAMUEL ST. JAMES,

                                      Plaintiff,
12

13      vs.

14  JP MORGAN CHASE BANK
    CORPORATION, dba, CHASE HOME
15  FINANCE DIVISION, dba, CALIFORNIA
    RECONVEYANCE COMPANY, (and)
16  DOES 1 THROUGH 50 INCLUSIVE,

17                                    Defendants.

CASE NO. 10cv1893 - IEG (NLS)

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

[Doc. No. 9]

18

19          Presently before the Court is a motion to dismiss brought by Defendants JPMorgan Chase

20  Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC

21  acting as receiver, California Reconveyance Company, and Chase Home Finance LLC (collectively

22  "Defendants").  (Doc. No. 9.)  For the reasons described herein, the Court **GRANTS** Defendants'

23  motion to dismiss.

24                                    **BACKGROUND**

25          The subject of this suit is a mortgage loan contract entered into by Plaintiff on April 7, 2005

26  for real property located at 6923 Worchester Place, San Diego, CA 92126.  (Plaintiff's First Amended

27  Complaint ("FAC") ¶ 8.)  Prior to that mortgage contract, Plaintiff refinanced the property two or three

28  times from approximately July 2001 through April 2005.  (Id. ¶ 9.)  In these refinance transactions,

the lenders utilized the Mortgage Electronic Registration System, Inc. ("MERS").  (Id. ¶ 9.)  Based upon the involvement of MERS, Plaintiff alleges there exists a cloud on title. (Id. ¶ 10.)  Plaintiff alleges Defendants were aware of the cloud on title resulting from MERS' involvement in the refinance transactions prior to April 7, 2005.  (Id.)

On September 17, 2009, through attorney John Bakhit, Plaintiff entered into a "Making Home Affordable" ("MHA") loan modification with one or more of the Defendants.  (Id. ¶ 11.)  Plaintiff was unaware of the cloud on title when he entered into the MHA program and would not have entered into the agreement and made monthly payments under that agreement had he known of the cloud on title. (Id. ¶¶ 11-12.)

Plaintiff filed his original complaint in this action on September 10, 2010, and he filed his FAC on October 1, 2010.  (Doc. Nos. 1, 6.)  Defendants filed the present motion to dismiss on October 22, 2010.  (Doc. No. 9.)  Plaintiff filed a response in opposition and Defendants filed a reply.  (Doc. Nos. 11, 14.)

**DISCUSSION**

**I.    Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

1    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

2    action will not do." <u>Twombly</u>, 550 U.S. at 555 (citation omitted).  A court need not accept "legal

3    conclusions" as true.  <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the

4    deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume

5    that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the

6    . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State</u>

7    <u>Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

8    **II.      Analysis**

9         **A.      Causes of Action Arising Under Federal Law**

10        Plaintiff asserts causes of action against JPMorgan under the Truth in Lending Act ("TILA")

11   and the Real Estate Settlement Procedures Act ("RESPA").  Defendants argue that Plaintiff cannot

12   assert any claims against JPMorgan based on the alleged conduct of Washington Mutual Bank

13   ("WaMu").  Defendants argue that the Purchase and Assumption Agreement ("P & A Agreement")

14   entered into with the Federal Deposit Insurance Corporation ("FDIC") establishes that JPMorgan

15   expressly did not assume WaMu's liabilities  relating to borrower claims.  <u>See</u> Defs.' Mem. at 2-4.

16        Under the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811-1832(d), the FDIC may accept

17   appointment as a receiver for any closed insured depository institution.  12 U.S.C. § 1821(c).  As a

18   receiver, "the FDIC . . . 'steps into the shoes' of the failed [financial institution]" and operates as its

19   successor.  <u>O'Melveny & Myers v. F.D.I.C.</u>, 512 U.S. 79, 86 (1994); <u>see also</u> 12 U.S.C. §

20   1821(d)(2)(A)(i), (B)(i) (providing that when it becomes a receiver, the FDIC succeeds to "all rights,

21   titles, powers, and privileges of the insured depository institution" and may "take over the assets of

22   and operate the insured depository institution").  The FDIC then has "broad powers to allocate assets

23   and liabilities," such as through a P & A Agreement.  <u>West Park Assocs. v. Butterfield Sav. & Loan</u>

24   <u>Ass'n</u>, 60 F.3d 1452, 1459 (9th Cir. 1995).  Absent an express transfer of liability, no liability is

25   transferred from a failed bank to an assuming bank.  <u>See</u> <u>Kennedy v. Mainland Sav. Ass'n</u>, 41 F.3d

26   986, 990-91 (5th Cir. 1994); <u>Payne v. Sec. Sav. & Loan Ass'n, F.A.</u>, 924 F.2d 109, 111 (7th Cir.

27   1991); <u>Williams v. F.D.I.C.</u>, 2009 WL 5199237, at *2 (E.D. Cal. Dec. 23, 2009).

28        In this case, the Office of Thrift Supervision closed WaMu on September 25, 2008 and

1  appointed the FDIC as WaMu's receiver.  On the same day, JPMorgan acquired certain assets and

2  liabilities of WaMu pursuant to a P & A Agreement.  <u>See</u> Defs.' RJN, Ex. 2.  Section 2.5 of the

3  agreement provides: "any liability associated with borrower claims . . . related in any way to any loan

4  or commitment to lend made by the Failed Bank [WaMu] prior to failure . . . are specifically not

5  assumed by the Assuming Bank."[1]  <u>See id.</u>  Accordingly, Section 2.5 establishes that JPMorgan has

6  expressly not assumed WaMu's liabilities relating to borrower claims.  <u>See</u> <u>Yeomalakis v. FDIC</u>, 562

7  F.3d 56, 62 (1st Cir.2009) (finding that Section 2.5 of JPMorgan's agreement with the FDIC retained

8  for the FDIC "any liability associated with borrower claims"); <u>Hilton v. Wash. Mut. Bank.</u>, 2009 WL

9  3485953, at *2 (N.D.Cal. Oct. 28, 2009) (same); <u>Cassese v. Wash. Mut. Bank</u>, 2008 WL 7022845, at

10  *2-3 (E.D.N.Y. Dec. 22, 2008) (same).

11      Because JPMorgan cannot be liable for WaMu's alleged lending improprieties, the Court

12  **DISMISSES WITH PREJUDICE** Plaintiff's TILA and RESPA claims.[2]

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21

22  [1] Section 2.5 states in full: Borrower Claims.  Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower

23  for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured,

24  disputed or undisputed, legal or equitable, judicial or extrajudicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by

25  the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending

26  or loan purchase activities are specifically not assumed by the Assuming Bank.

27  [2] Plaintiff's TILA and RESPA claims are directed exclusively at JPMorgan.  In any event, the claims are time barred against JPMorgan or any other party as the Plaintiff entered into the mortgage

28  loan contract in 2005, nearly five years ago prior to the filing of this suit.  <u>See</u> 15 U.S.C. § 1640(e) (one year statute of limitations for TILA damages claim); 12 U.S.C. 2614 (three year statute of limitations for RESPA claim).

**B.  Causes of Action Arising Under California Law**

TILA and RESPA provide the only basis for original jurisdiction in this case.[3]  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).  Having dismissed all claims over which the Court has original jurisdiction, the Court has full discretion to decide whether to continue to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right"); Schneider v. TRW, Inc., 930 F.2d 986, 994 (9th Cir.1991).  When deciding whether to exercise supplemental jurisdiction, the Court considers judicial economy, convenience and fairness to litigants, and comity with state courts. Gibbs, 383 U.S. at 726.  Where federal claims have been dismissed, the balance of factors usually tips in favor of declining to exercise jurisdiction over the remaining state law claims and dismissing them without prejudice.   Gini v. Las Vegas Metro. Police Dep't., 40 F.3d 1041, 1046 (9th Cir. 1994). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiff's TILA and RESPA claims and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.

**IT IS SO ORDERED.**

**DATED:  December 21, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[3] Plaintiff's TILA and RESPA claims arise under federal law.  The Court does not have jurisdiction based on diversity of citizenship because Plaintiff is a citizen of California and, according to the California Secretary of State database, Defendant California Reconveyance Company is a California corporation.  See Doc. No. 4 (order denying Plaintiff's motion for a temporary restraining order).